PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHAMONE R. RUSSELL, ) | |
| ) | CASE NO. 5:23-CV-01940 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| STARK COUNTY JOB AND FAMILY ) | **MEMORANDUM OF OPINION** |
| SERVICES, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Chamone R. Russell filed this action against the Stark County Job and Family Services ("SCJFS") and five of its employees, the Goodwill Parenting Class ("GWPC") and two of its employees, the Canton Police Department, the Stark County Bar Association and her private attorney Herbert Morello. Plaintiff appears to contest the SCJFS's removal of her children from her care in 2019 and the Stark County Juvenile Court's grant of permanent custody to SCJFS in 2021. She asserts claims for harassment, "privacy," false allegations, breaking and entering, falsifying police reports, defamation, slander and discrimination. She seeks monetary damages, return of her children, compensation for her mother's motor vehicle accident, and improvement of her credit score.

(5:23cv1940)

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. ECF No. 2. Her Application is granted. Plaintiff's Motion for appointment of counsel (ECF No. 3) is denied as moot.

## I. Background

Plaintiff's Complaint is very brief. The following information was gleaned from a Memorandum of Opinion and Order in a previous case Plaintiff filed in this Court, *Russell v. Stark County Job and Family Services*, No. 5:22 CV 1029 (N.D. Ohio Sep. 1, 2022) (Adams, J.).

Plaintiff is the biological mother of three children. SCJFS removed the children from Plaintiff's home in December 2019 and filed complaints of abuse, neglect and dependency with the Stark County Juvenile Court. Efforts were made during 2020 and 2021 to reunify Plaintiff and her children, but little to no progress was made. Kelsey Kiggins is a parenting instructor and family coach with Goodwill Industries. She attempted to help Plaintiff set individual goals that demonstrated insight into the Agency's concerns and to ensure the safety of the children continuing forward. She reported that Plaintiff had not met any of her individual goals in the two years the children had been out of her home. Other counselors voiced similar concerns. The Juvenile Court held a hearing in September 2021 and granted permanent custody of the children to the Agency. Plaintiff appealed that decision to the Ohio Fifth District Court of Appeals. That court affirmed the decision of the Juvenile Court.

Plaintiff now brings this action in this Court seeking return of her children and monetary damages. She asserts the following facts:

2

(5:23cv1940)

> Akron Children's Hospital, Canton Police, Stark County CPS, Goodwill Parenting Class, Stark County Bar Association and Stark County Family Court wrongfully kept my children away from me for false allegations.
>
> * * *
>
> I have been interrogated from everyone involved in my case. Everyone used false allegations to keep my children in the system. I was accused of hurting my child and everyone involved in my case knows my oldest daughter confess[ed] that she broken [sic] her little sister's arm. I was found not guilty and I was acquitted for all charges. I beat my case in Stark County twice. My charges has been changed because someone has been playing with my files in Family Court in Stark County. My attorney Herbert Morello held my evidence which I have it all to show the judge.

ECF. No. 1 at PageID #: 4. She lists claims for harassment, "privacy," false allegations, breaking and entering, falsifying police reports, defamation, slander and discrimination. ECF No. 1 at PageID #: 3, 4.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e)(2) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

3

(5:23cv1940)

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

Plaintiff has not established a basis for federal court subject matter jurisdiction. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon

(5:23cv1940)

the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity of citizenship, is applicable to cases of sufficient value between "citizens of different [s]tates." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, Plaintiff must establish that she is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person is her domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). Federal question jurisdiction arises when a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff and all Defendants appear to be citizens of Ohio. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.,* No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). As it appears all of the parties are citizens of Ohio, federal subject matter jurisdiction cannot be based on diversity of citizenship.

5

(5:23cv1940)

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the well-pleaded allegations of the Complaint. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Plaintiff's claims for harassment, "privacy," false allegations, breaking and entering, falsifying police reports, defamation, slander arise, if at all, under state law. Discrimination could arise under state law or federal law; however, Plaintiff gives no indication of the factual basis for her discrimination claim. Therefore, the Court is unable to liberally construe a possible legal basis for this claim, given that the claim is stated in a single word, "Discrimination." That is not sufficient to establish federal subject matter jurisdiction. Moreover, child custody determinations are matters of state law. The Court lacks jurisdiction to return custody of her children to her or to award damages to her.

Finally, even if the Court had jurisdiction to consider the claims asserted in this action, the doctrine of *res judicata* would bar the Court from addressing matters which were already decided by the state courts and this federal court. The term "*res judicata*" literally means "a matter [already] judged." The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* The doctrine of *res judicata,* therefore, precludes a party from bringing a subsequent lawsuit on the same claim or from raising new claims to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and

6

(5:23cv1940)

every issue or defense that could and should have been raised in the previous action. *Id.* Because these issues regarding Plaintiff's care of her children were already litigated in the Ohio courts, Plaintiff cannot bring a new case in the hope of obtaining a different result from this Court. Moreover, she already brought an action against many of these Defendants asserting the same facts and asking the Court to reverse the decision of the Stark County Juvenile Court. That case was dismissed in part because the Court lacks subject matter jurisdiction to consider state law claims concerning child custody. *Res judicata* bars Plaintiff from continuing to relitigate those issues under different legal theories.

## IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's Motion for appointment of counsel (ECF No. 3) is denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

January 19, 2024      */s/ Benita Y. Pearson*
Date      Benita Y. Pearson
United States District Judge